UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
AUG 22 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

Criminal Action No.
96-CR-81058-DT-04

HON. BERNARD A. FRIEDMAN

vs.

DWAYNE K. ELAM,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

This matter is presently before the court on defendant's motion for the modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Plaintiff has not filed a response. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide the motion without oral argument.

On June 18, 1997, defendant Dwayne Elam pled guilty to a single count of conspiring to distribute cocaine in violation of 21 U.S.C. § 846, and a single count of money laundering in violation of 18 U.S.C. § 1956. Defendant entered into a Rule 11 plea agreement, which capped the sentence at 360 months. Defendant's guideline range, based on an offense level of 41 and a criminal history category of I, was 324-405 months. On October 9, 1997, the court sentenced defendant to 360 months in prison, a $100 special assessment, and five years of

supervised release.

Defendant seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which states:

> **(c) Modification of an imposed term of imprisonment.** – The court may not modify a term of imprisonment once it has been imposed except that–
>
> \* \* \*
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

Section 3582(c)(2) makes it quite clear that the court has no authority to reduce an imposed sentence unless the Sentencing Commission has lowered the applicable sentencing range. Defendant Elam contends that all guideline ranges have been lowered by virtue of the decision in United States v. Booker, 125 S. Ct. 738 (2005). This is not true. Booker only makes the sentencing guidelines advisory; it does not lower or modify them.

Defendant also asserts that there is a "reasonable probability" that the sentencing judge, Honorable Barbara K. Hackett, would have imposed a lower sentence had she been able to treat the sentencing guidelines as advisory. Whatever Judge Hackett may or may not have done is irrelevant, as the matter is governed by statute.

Finally, defendant contends that his sentence should be reduced based upon his commendable rehabilitative efforts. While defendant's efforts to rehabilitate himself are certainly

to be commended, the court has no authority to reduce his sentence on these grounds. As noted above, the court may reduce a defendant's sentence under § 3582(c)(2) only if his guideline range has been changed by subsequent action of the Sentencing Commission. Accordingly,

IT IS ORDERED that defendant's motion to reduce sentence is denied.

Dated: AUG 22 2005
Detroit, Michigan

BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

Patricia Foster Hommel
Secretary to Chief Judge Friedman